UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    X

DANIEL DOBBINS,

                    Petitioner,

-against-

NANCY VARTABEDIAN,

                    Respondent.
                            X

In the Matter of a Proceeding for the
Custody and/or Visitation of Minors
under Article 6 of the Family Court Act

DANIEL DOBBINS,

                    Petitioner,

-against-

NANCY VARTABEDIAN,

                    Respondent.
                            X

05-CV-2071
(SJF)(ARL)

**OPINION & ORDER**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    JUL 12 2005    ★

LONG ISLAND OFFICE

Family Court Docket No. V-2596-98/05AC

FEUERSTEIN, J.

I.    Introduction

      Petitioner Daniel Dobbins (Dobbins) commenced a custody and/or visitation proceeding under Article 6 of the New York State Family Court Act in the Family Court of the State of New York, County of Suffolk (the Family Court), bearing docket number V-2596-98/05AC (the Family Court proceeding). On April 28, 2005, *pro se* respondent Nancy Vartabedian ("Vartabedian") filed a Notice of Removal to remove the Family Court proceeding to this Court. For the reasons set forth below, this matter is *sua sponte* remanded to the Family Court.

1

II. Background

   A. State Court Proceedings

Daniel Vartabedian (Daniel or the child) is the minor child of Vartabedian and Dobbins. On January 26, 1999, the Family Court awarded custody of Daniel to Vartabedian and visitation rights to Dobbins. Thereafter, by order entered March 30, 1999, the Family Court (Dounias, J.) found Vartabedian to be in contempt of court for willfully violating the prior order granting Dobbins visitation rights and, by order entered April 12, 1999, granted custody of Daniel to Dobbins. On appeal, the New York Appellate Division, Second Department remanded the case to the Family Court for a hearing to determine the best interests of the child. Matter of Dobbins v. Vartabedian, 270 A.D.2d 261, 704 N.Y.S. 2d 836 (2d Dept., 2000). Dobbins retained temporary custody of Daniel pending determination of the custody proceeding.

By order entered April 11, 2001, the Family Court awarded custody of Daniel to Dobbins. By order entered July 16, 2001, the Family Court granted visitation rights to Vartabedian, but placed certain restrictions on her ability to participate in Daniel's medical care. The Family Court's orders were affirmed on appeal. Dobbins v. Vartabedian, 304 A.D.2d 665, 758 N.Y.S. 2d 153 (2d Dept. 2003), lv. denied, 100 N.Y. 2d 506, 763 N.Y.S. 2d 812, 795 N.E.2d 38 (2003). Plaintiff did not challenge the jurisdiction of the New York state courts at any level in the state proceedings.

   B. Federal Court Proceedings

      1. First Federal Action

On November 15, 1999, prior to the final custody determination, Vartabedian filed a civil

2

rights action under 42 U.S.C. § 1983 action against, *inter alia*, Dobbins in the Southern District of New York, relating to her domestic relations difficulties. See Vartabedian v. Dobbins, CV-99-11347. By order dated December 7, 1999, Judge Denise L. Cote dismissed the complaint for lack of subject matter jurisdiction. Vartabedian v. Dobbins, CV-99-11347 (S.D.N.Y. Dec. 7, 1999).

2. Second Federal Action

On October 8, 2003, shortly after the state court appeals were decided, Vartabedian commenced an action in this Court seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that the Family Court judgment was invalid because the state court lacked subject matter jurisdiction. Vartabedian v. Dobbins, No. CV-03-4976. In that action, Vartabedian claimed, *inter alia*, (1) that the New York state courts lacked subject matter jurisdiction over the custody dispute because Florida was Daniel's home state; and (2) that the custody hearing was improperly conducted in her absence. Id. By order dated February 5, 2004, Senior Judge Charles P. Sifton granted Dobbins's motion to dismiss for lack of subject matter jurisdiction. Vartabedian v. Dobbins, No. CV-03-4976 (E.D.N.Y. Feb. 5, 2004). Specifically, Judge Sifton held that pursuant to the Rooker-Feldman doctrine, subject matter jurisdiction was lacking because Vartabedian simply "object[ed] to the outcome of a judicial proceeding and filed a separate suit to get around it." Id. at 5.

Vartabedian appealed Judge Sifton's order to the Second Circuit Court of Appeals, and additionally sought a stay of all pending state court actions until the determination of the appeal. On April 27, 2005, the Second Circuit denied Vartabedian's motion for a stay of all state court

proceedings, and dismissed the appeal as lacking any arguable basis in law or fact. Vartabedian v. Dobbins, 04-CV-1806 (2d Cir. Apr. 25, 2005).

3. Third Federal Action

On March 9, 2004, shortly after Judge Sifton's order dismissing the second federal action, Vartabedian filed a Notice of Removal to remove a support proceeding commenced by Dobbins against her in the Family Court under docket number F-01813-99/03D on or about February 26, 2004, to this Court. Plaintiff sought removal on the basis of diversity of citizenship[1] and asserted claims for, *inter alia*, due process violations and "statutory violations of Federal protected rights under the 1983 Civil Rights Act." By memorandum of decision and order dated June 4, 2004, Judge Denis R. Hurley denied removal and remanded the action to the Family Court. Dobbins v. Vartabedian, No. CV-04-1013 (E.D.N.Y. June 4, 2004). Judge Hurley held that "a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court." Id. at 2-3. Judge Hurley further held that "even according to a close and sympathetic reading of the Removal Petition, * * * the Court lack[ed] removal jurisdiction." Id., at 3.

4. The Instant Action - Fourth Federal Action

On April 28, 2005, Vartabedian filed a Notice of Removal, but she did not file an accompanying Petition for Removal or any pleadings from the Family Court record. According

---

[1] Plaintiff is a resident of the State of Florida. Dobbins is a resident of the State of New York.

4

to the civil cover sheet accompanying the Notice of Removal, plaintiff seeks removal on the basis of federal question jurisdiction. The crux of Vartabedian's affidavit in support of removal and the annexed documents is that the New York state courts lacked subject matter jurisdiction to determine the custody rights of her child, because she and her child were residents of Florida, and that the appropriate forum was the federal court. Vartabedian basically acknowledges in her affidavit that the identical issue was presented to the Second Circuit on her appeal of Judge Sifton's order, though it does not appear that she was aware at the time she made the affidavit that her appeal had been dismissed the previous day. (Vartabedian's Affidavit in Support of Removal [Vartabedian Aff.], ¶¶ 2-3).

III. Discussion

    A.    Removal Jurisdiction

Although Dobbins has not filed a motion to remand this action to the state Family Court, it is appropriate for this Court to ascertain, *sua sponte*, if it has subject matter jurisdiction and, therefore, whether this action was properly removed to federal court. See Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 266 (2d Cir. 1996); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See United Food, 30 F.3d at 301. "In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2d Cir.1993), cert. denied, 513 U.S.

822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994) (quoting Goldman v. Gallant Sec., Inc., 878 F.2d 71, 73 [2d Cir.1989]).

Since, for the reasons set forth below, Vartabedian has failed to meet her burden, this case is remanded to the state Family Court.

B. Federal Question Jurisdiction

28 U.S.C. § 1331, which provides the basis for federal question jurisdiction, states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. See, Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Pursuant to the "well-pleaded complaint" rule,

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, * * * must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."

Id. at 10, 103 S.Ct. 2841 (citing Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed.2d 1218 [1914]). "A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Id. at 10-11, 103 S.Ct. 2841. Moreover, even in cases in which state law creates the plaintiff's causes of action, the case "might still 'arise under' the laws of the United States if a well-pleaded

6

complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Id. at 13, 103 S.Ct. 2841. In other words, federal courts have original federal question jurisdiction only where the well-pleaded complaint establishes either (1) that federal law creates the cause of action; or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Id. at 27-28, 103 S.Ct. 2841.

As no federal statute or constitutional violation is alleged in the complaint filed in the Family Court under docket number V-2596-98/05AC, which is the state court proceeding identified by Vartabedian in her Notice of Removal as the proceeding sought to be removed, and since Vartabedian has not identified any substantial question of federal law implicated in that proceeding, federal question jurisdiction is lacking.

B. Diversity Jurisdiction

Assuming, however, that Vartabedian intended to seek removal on the basis of the diversity of citizenship of the parties, subject matter jurisdiction is still lacking.

28 U.S.C. § 1332(a), which provides the basis for diversity of citizenship jurisdiction, provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, * * * and is between– (1) citizens of different States * * *."

However, domestic relations matters are excepted from the scope of a federal court's diversity jurisdiction. See Ex parte Burrus, 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890) (holding that the whole subject of the domestic relations of husband and wife, parent and

7

child, belongs to the laws of the States and not to the laws of the United States); see also Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992)(reaffirming the validity of the domestic relations exception as it pertains, *inter alia*, to child custody orders). While the domestic relations exception is narrow, see Williams v. Lambert, 46 F.3d 1275, 1283 (2d Cir. 1995), it applies generally to claims relating to child custody. See Melnick v. Adelson-Melnick, 346 F.Supp.2d 499, 505 (S.D.N.Y. 2004); see also Rabinowitz v. New York, 329 F.Supp.2d 373, 376 (E.D.N.Y. 2004)(holding that federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody). Moreover, federal courts may abstain from exercising jurisdiction over issues that are "on the verge of being matrimonial in nature," as long as full and fair adjudication is available in state court. American Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir.1990).

The reasons underlying this policy of abstention include "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1078 (5th Cir.1990). In determining whether the domestic relations exception applies, "the decisive factor * * * [is] the type of determination that the federal court must make in order to resolve the case." Id., at 1079.

Vartabedian's challenge to the state courts' jurisdiction over a child custody proceeding necessarily requires a review and interpretation of questions of child custody issues more appropriately left to the state courts and does not support removal to this court. Accordingly, this action is remanded *sua sponte* to the Family Court pursuant to 28 U.S.C. § 1447(c). See Morrison

v. Seafarers Intern. Union of North America, AFL-CIO, 954 F.Supp. 55, 56 (E.D.N.Y. 1996) (holding that when a federal court does not have subject matter jurisdiction, the Court must remand it *sua sponte* to the state court where it originated); Ramirez v. Smith, No. CV 88-834, 1988 WL 36966, at *1 (E.D.N.Y. Apr. 8, 1988) (remanding case *sua sponte* where it was clear from the face of the removal petition that the case was improperly removed), aff'd, 867 F.2d 1424 (2d Cir. 1988); Worthy v. Schering Corp., 607 F.Supp. 653, 657 (E.D.N.Y. 1985) (remanding case to state court *sua sponte* for lack of removal jurisdiction).

IV. CONCLUSION

This action is remanded to the Family Court of the State of New York, County of Suffolk. The clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Family Court.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 12, 2005
Central Islip, New York

Copy to:

Nancy Vartabedian, *pro se*
11 Jacobsen Court
Medford, NY 11763